VEGA, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de la inscripción de una escritura de compraventa.

No. 492.—Resuelto en julio 12, 1921.

HEREDERO CONDICIONAL — FALLECIMIENTO DEL HEREDERO CONDICIONAL ANTES DE CUMPLIRSE LA CONDICIÓN—INSCRIPCIÓN PREVIA.—Muerto en este caso el heredero condicional de que se trata, antes de que la condición se cumpliera, no transmitió a sus herederos derecho alguno.

ID.—VENTA POR LOS DUEÑOS Y POR QUIENES NO LO SON.—Es válida una venta otorgada por apoderado a nombre de los verdaderos dueños aunque aparezca que la propiedad se transmite también a nombre de los padres de aquéllos que en realidad ningún derecho tenían sobre ella.

ID.—IDENTIDAD ENTRE EL QUE VENDE Y EL QUE APARECE COMO DUEÑO EN EL REGISTRO.—Examinadas las circunstancias que concurren en el caso y que se consignan en la opinión, es preciso concluir que la María Gautier y Atienza a cuyo nombre vende el apoderado es la misma María Josefa Gautier y Atienza a cuyo nombre aparece inscrita la participación enajenada.

ID.—CUMPLIMIENTO DE LA CONDICIÓN IMPUESTA POR EL TESTADOR.—En el presente caso el testador dejó a su esposa el usufructo de todos sus bienes, instituyéndola heredera para que los transmitiera a sus hijos en el caso de tenerlos en segundas nupcias; y para el caso de que falleciera la usufructuaria sin sucesión, instituyó herederos a los hijos .de Manuel, su hermano. *Se resolvió*: que habiéndose demostrado que la viuda arribó a los sesenta y cuatro años de edad sin haber procreado hijos, se puede concluir sin necesidad de ser perito, que no podía yá procrearlos y que por lo tanto la condición impuesta por el testador se había cumplido y sus sobrinos adquirieron plenamente su derecho y pudieron venderlo, tanto más cuanto que en este caso la adquirente es la propia viuda.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. R. Martínez Nadal.*

El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 18 de junio de 1889 falleció en esta ciudad don Heraclio Gautier y Vila, bajo testamento otorgado ante notario el 16 de junio de 1887. La cláusula octava de dicho testamento, es como sigue:

"Octava: El cónyuge don Heraclio Gautier y Vila deja a su

esposa compareciente doña Ramona Vega el usufructo de todos los bienes que puedan corresponderle; pero si contrajese segundas nupcias y de su nuevo enlace tuviese sucesión, se entenderá instituída heredera la referida su esposa doña Ramona de todos los bienes que correspondan al compareciente don Heraclio Gautier, a fin de que trasmita sus derechos a su sucesión legítima o sea a sus hijos; y caso de que la referida su esposa doña Ramona, falleciese sin sucesión, pasarán los bienes del testador, o sea los que tenga la cónyuge en usufructo a los sobrinos del expresado don Heraclio, hijos de su hermano don Manuel, a los que en este último caso instituye por sus herederos.''

El 11 de abril de 1890 se otorgó una escritura de liquidación y partición de los bienes del Sr. Gautier. En ella hay un particular que dice:

''Con arreglo a la cláusula octava del testamento y toda vez que no ha llegado el caso de la condición, según la cual, la sucesión de la compareciente doña Ramona Vega, pudiera ser heredera del expresado haber, se adjudica éste a los hijos de don Manuel Gautier y Vila, entendiéndose que ésta adjudicación quedará sin valor ni efecto alguno, si la expresada compareciente contrajese segundas nupcias y dejase sucesión, en la época de su fallecimiento, en cuyo caso la adjudicación se estimará hecha a sus hijos o sucesores legítimos.''

La viuda del Sr. Gautier, la recurrente doña Ramona Vega, contrajo segundas nupcias. Su segundo esposo murió. Es viuda en la actualidad y nació en 21 de febrero de 1857. Nunca tuvo hijos.

El 12 de abril de 1921 comparecieron ante notario José Lázaro como apoderado de don Manuel Gautier y Carmen Atienza y de los hijos de éstos Juan, Ramón, María, Josefa y Manuel, de una parte, y de la otra doña Ramona Vega, y el primero vendió a la segunda por precio de treinta y cinco mil pesetas españolas la participación *proindivisa* que en nuda propiedad tenían sus poderdantes en la finca urbana de que se trata, con todas sus pertenecias y cuantos más derechos y acciones correspondan o puedan corresponder a sus

mandantes sobre la dicha finca sin reservación alguna, incluyendo en la trasmisión el legado de tres mil pesos que hizo el testador a su ahijado Manuel. Se consignan amplios antecedentes y aclaraciones a las cuales nos referiremos luego.

Presentada la escritura de venta acompañada de otros documentos para su inscripción en el registro, se negó a ello el registrador por medio de una nota que dice así:

"Negada la inscripción del precedente documento por los siguientes defectos insubsanables:

"Primero: Porque no se halla inscrita a favor de los esposos don Manuel Gautier Vila y doña Carmen Atienza López de Cristóbal la participación hereditaria en la finca procedente de su hijo José Tomás Gautier y Atienza, que es uno de los herederos condicionales de don Heraclio Gautier Vilá según la información *ad-perpetuam* presentada, pues si bien se tiene a la vista la declaración de herederos *ab intestato* de José Tomás, no se ha solicitado su inscripción, y aunque dicho heredero condicional no trasmite derecho alguno a sus herederos por estar comprendido el caso dentro de la disposición del artículo 747 del Código Civil Revisado que era el mismo derecho vigente al tiempo del fallecimiento de don Heraclio Gautier Vilá, ocurrido antes de empezar en esta Isla el Código Civil Español, en el registro aparece practicada una inscripción de la nuda propiedad de una participación en la finca a favor de los hijos de don Manuel Gautier Vilá sin determinación de nombres, entre los cuales se encuentra el mismo José Tomás, según la ameritada información.

"Segundo: Porque resultando de la referida información *ad perpetuam* que los únicos sobrinos que tenía el causante a su fallecimiento, hijo de su hermano Manuel, eran Juan Manuel, Román Pío Tadeo, María Josefa y José Tomás Gautier y Atienza, fallecido este último y heredándolo sus padres, se verifica la enajenación por el apoderado de los consortes don Manuel Gautier y Vilá y doña Carmen Atienza y López de Cristóbal y de los hijos legítimos de estos esposos don Juan Manuel, don Román y doña María Josefa Gautier y Atienza, y a mayor abundamiento de los otros hijos de los propios consortes, doña Josefa y don Manuel Gautier y Atienza, sin justificarse que la María que otorga el poder, sea la misma persona denominada María Josefa en la información y en cuyo nombre se vende en el anterior documento, y sin resultar de la información con dere-

cho a la herencia los nombrados Josefa y Manuel, a cuyo nombre también se vende y se percibe parte del precio con perjuicio de los demás vendedores.

"Tercero: Porque el nombramiento de heredero a favor de los sobrinos del testador don Heraclio Gautier Vilá, que son los vendedores, tal como aparece en la cláusula del testamento, inserta en el precedente documento, está subordinado al fallecimiento sin sucesión de la esposa del testador doña Ramona Vega la compradora, hecho que aun no ha ocurrido, por lo cual no debe entenderse consumada la adquisición de los derechos enajenados, según los artículos 778 a 794 y 1081 del Código Civil Revisado y resolución de 7 de abril de 1904, folio 228 tomo 6º. D. P. R.

"Cuarto: Y porque no se han cumplido todos los mandatos, toda vez que dados los términos de éstos los señores Juan, Román, María, Josefa y Manuel deben percibir por sus derechos en la finca la suma de 35,000 pesetas e igual cantidad los esposos Gautier Atienza por los suyos, en junto 70,000 pesetas, y la venta sólo se realiza por 35,000 pesetas."

Contra la nota que antecede es que se ha interpuesto el presente recurso gubernativo.

1. El artículo 747 del Código Civil Revisado, igual al del Código Civil antiguo, dice: "el heredero o legatorio que muera antes de que la condición se cumpla, aunque sobreviva al testador, no trasmite derecho alguno a sus herederos."

Es cierto que la inscripción consta hecha en el registro a favor de los hijos de don Manuel Gautier y que uno de esos hijos era Tomás, pero Tomás murió el 24 de septiembre de 1889, esto es, antes de que la condición se cumpliera, y por tanto nada en concreto y materializado llegó a adquirir y nada trasmitió a sus padres. Siendo esto así, huelga la inscripción previa a favor de dichos padres.

2. A nuestro juicio tampoco existe el segundo defecto apuntado. Si bien es cierto que el apoderado aparece otorgando la escritura a nombre de personas que en realidad de verdad no tienen derecho a la propiedad de que se trata, es lo cierto que la otorga con poder amplio y suficiente a

nombre de aquéllos que indiscutiblemente tienen derecho, siendo en tal virtud la venta válida.

En cuanto a la identidad de María estamos conformes con el abogado de la recurrente en que si hay algún caso en donde con lujo de detalles se haya tratado de explicarlo todo, es éste. En el expediente *ad-perpetuam* se acredita el número de sobrinos que estaban vivos cuando el testador murió, la edad que entonces tenían, la que contaban cuando se tramitó; los nombres de cada uno y otros pormenores, y en el poder que los sobrinos confieren a Lázaro comparece cada uno de los sobrinos usando todos su primer nombre y apellido paterno y materno, con expresión de su vecindad, profesión, estado civil y años de edad y comparando todos esos datos se concluye sin dificultad que la María Josefa Gautier y Atienza del expediente es la misma María Gautier y Atienza del poder.

3. Habiéndose demostrado que la viuda tenía a la fecha de la escritura cumplidos sesenta y cuatro años de edad, se puede concluir sin necesidad de ser perito, que no podía ya procrear hijos y que por lo tanto la condición impuesta por el testador se había cumplido y sus sobrinos adquirieron plenamente su derecho y pudieron venderlo tanto más cuanto que en este caso la adquirente es la propia viuda.

4. La base en que se funda el último motivo no es sostenido. Lázaro actuó a virtud de dos poderes otorgados especialmente para la venta de que se trata. El primero lo otorgaron los hijos y el segundo los padres. Estaban dudosos de la extensión de sus derechos y algunos de si lo tenían o no y comparecieron todos. Esto es lo que se desprende de los documentos. Al otorgarse el segundo poder se fijó el mismo precio para la enajenación, pero se deduce que el dicho precio era para la totalidad del derecho envuelto irrespectivamente del número de personas. Además, ya hemos visto que los padres aquí no tenían derecho alguno y siendo

esto así queda sólo el precio fijado por los hijos y dicho pre-
cio fué en efecto el de la venta.

Por virtud de todo lo expuesto se revoca la nota recurrida
y se ordena la inscripción solicitada.

> *Revocada la nota recurrida y ordenada la ins-
> cripción.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, Aldrey y Hutchison.